## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

IN RE:

    Isidro Polanco
    Yurkenia Polanco

    Debtor(s)

CASE NO: 18-13108-cgm

CHAPTER: 13

## SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CHAPTER 13 PLAN [Doc. No. 10]

**COMES NOW, SECURED CREDITOR**, Trinity Financial Services, LLC, (herein after referred to as "Secured Creditor"), by and through its undersigned counsel, and hereby files this Objection to the Chapter 13 Plan [DE # 10] filed by the Debtors and States as grounds the following:

1. On or about October 15, 2018, Debtors filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. On or about October 29, 2018, Debtors filed their proposed Chapter 13 plan. [DE #10].

3. Secured Creditor's claim is secured by a second mortgage encumbering the real property owned by Debtors located 3085 Wissman Ave. Bronx, NY 10465 (hereinafter "The Property").

4. Secured Creditor is the owner and holder of the note and mortgage and has the right to enforce the note and mortgage.

5. Secured Creditor has or will file a Proof of Claim indicating the arrears and regular monthly payment.

6. The Plan fails to include the correct payment to Secured Creditor including, but not limited to the correct pre-petition arrearages and fails to include the correct regular monthly mortgage payments.

7. Furthermore, the current monthly payment is $999.59 of which the Plan only provides to pay $0.00, creating a monthly deficit of $999.59. The estimated pre-petition arrears are $124,849.19, which the Plan proposes to pay $50,000.00 over the course of 60 months leaving a deficiency in the amount of $74,849.19. A Plan which does not pay all of the pre-petition arrears in full does not result in a discharge and entitles Secured Creditor to seek its rights under the Mortgage under *In re Strober, 136 B.R. 614 (Bankr. E.D.N.Y. 1992)*

8. The Debtors schedules I and J show that the Debtors will have difficulty trying to pay as stated in the Plan to Secured Creditor given the fact that Debtors should be paying approximately $2,080.81 in arrears monthly and $999.59 in the regular monthly payments totaling a monthly payment around $3,080.40. Even if the Debtors amended their Plan, it will be difficult for the Debtors to maintain the proposed plan payments taking into account the Debtors' expenses. Therefore, the confirmation of the Chapter 13 plan should be denied pursuant to 11 U.S.C. §1325(a)(6) because the Debtors will not be able to make all payments under the Plan or comply with the Plan. The Debtors lack the income necessary to cure the arrearages and pay the regularly monthly payment with all other creditors and the Debtors expenses as indicated in Paragraph 7 above.

9. The Plan proposes to modify Secured Creditor's lien without cause why the lien should be modified, especially since the Debtors' income and the high arrearages balance shows that the Debtors will have difficulty paying in the plan to Secured Creditor.

10. Taking into consideration all Secured Creditors the Debtors cannot complete a pay and cure Plan based upon the Debtors' expenses. Therefore, the Debtors' plan should be denied for infeasibility.

11. Secured Creditor is entitled to attorneys' fees pursuant to 11 U.S.C. §1322(e). Said fees should be added to the balance of the Note and Mortgage pursuant to the terms of the loan

documents, but not added to the Debtors' personal obligation once a discharge is received.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditor prays that the Debtors' Chapter 13 Plan be amended to include the correct arrearage and regular monthly payment to Secured Creditor or grant Secured Creditor in rem relief from stay together with fees as set forth in above, and for any other relief this Honorable Court deems Secured Creditor is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, on _ December 11 , 2018.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of New York, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

Kelly Kalahar, Esq.
Waldman, Kalahar & Associates, PLLC
315 Madison Avenue, 3rd Floor
New York, NY 10017
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
Email:kelly@dwaldmanlaw.com
bankruptcy@dwaldmanlaw.com
Attorneys for Secured Creditor

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

---

IN RE:

    Isidro Polanco
    Yurkenia Polanco

    Debtor(s)

CASE NO: 18-13108-cgm

CHAPTER: 13

---

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Objection to Claim was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, this _____ *11* _____ day of December, 2018.

## SERVICE LIST

Isidro Polanco
c/o Wendy Marie Weathers
Cabanillas & Associates, P.C.
120 Bloomingdale Road
Suite 400
White Plains, NY 10605
Email: bankruptcy@cabanillaslaw.com


Yurkenia Polanco
c/o Wendy Marie Weathers
Cabanillas & Associates, P.C.
120 Bloomingdale Road
Suite 400
White Plains, NY 10605
Email: bankruptcy@cabanillaslaw.com


Trustee
Krista M. Preuss
Chapter 13 Standing Trustee
399 Knollwood Road
White Plains, NY 10603

U.S. Trustee
United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Kelly Kalahar, Esq.
Waldman, Kalahar & Associates, PLLC
315 Madison Avenue, 3rd Floor
New York, NY 10017
(844) 899-4162 – Telephone
(844) 882-4703 – Facsimile
Email:kelly@dwaldmanlaw.com
newyorkforeclosures@dwaldmanlaw.com
Attorneys for Secured Creditor